**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**RONALD SATISH EMRIT,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:14cv157-RH/CAS**

**FLORIDA BOARD OF BAR**
**EXAMINERS, THE FLORIDA BAR,**
**and AMERICAN BAR ASSOCIATION,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, has submitted a second amended complaint, doc. 13. Plaintiff's second amended complaint has been reviewed and because it concerns events from 2004 and February of 2005, it is time barred.

    Plaintiff has named three Defendants in this case: the Florida Board of Bar Examiners, The Florida Bar, and the American Bar Association. Doc. 13 at 1. Plaintiff alleges that he took the Bar examination in July of 2004 and after failing, took the exam again in February of 2005. *Id.* at 3. Plaintiff took the Multi-State Professional Responsibility Examination (MPRE) in the summer of 2004. *Id.* After failing that examination, Plaintiff took it again in 2005 in Maryland. *Id.* Plaintiff contends that the

Defendants "created and administered a bar exam that is 'culturally biased' against

African Americans."  *Id.*  Plaintiff contends all three Defendants violated his rights under

42 U.S.C. § 1983, violated his rights under the Americans with Disabilities Act [ADA],

and under Title VII of the Civil Rights Act of 1964.  Doc. 13 at 4.

Title VII prohibits employment discrimination based on race, color, religion, sex,

and national origin.  42 U.S.C. § 2000e.  As Plaintiff was previously advised, he cannot

state a claim pursuant to Title VII because Plaintiff does not allege that he was in an

employee-employer relationship with any named Defendant.  A desire to be employed

as an attorney does not transform Plaintiff's claims into valid Title VII employment

discrimination claims against the Defendants.  That claim is insufficient on its face.

Plaintiff has also not presented a basis for an ADA claim either.  Plaintiff has not

alleged a disability, nor has Plaintiff alleged any facts which support finding that Plaintiff

was discriminated against because of his disability.  Plaintiff's ADA is insufficient,

whether brought pursuant to Title II of the ADA which prohibits discrimination in the

provision of public services, 42 U.S.C. § 12131-12165, or pursuant to Title III[1] of the

ADA which prohibits discrimination in public accommodations and certain services

operated by private entities, 42 U.S.C. § 12181-12189.  Plaintiff does not provide factual

---

[1] Title III of the ADA "contains a provision that specifically addresses examinations such as the Multistate Bar Exam: 'Any person that offers examination or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.' " Bonnette v. District of Columbia Court of Appeals, 796 F.Supp.2d 164, 179 (D.D.C. 2011), citing 42 U.S.C. § 12189.

allegations which demonstrate that he requested a reasonable accommodation, nor has Plaintiff provided facts which assert any basis for discrimination.  This claim is insufficient and cannot proceed.

Moreover, although Plaintiff has alleged that he twice took the Florida Bar exam and the MPRE, because the most recent date was in 2005, nearly nine years ago, he cannot bring a claim now to challenge the tests as culturally biased.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988).  Plaintiff's claims are barred by the statute of limitations and this case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted because the claims are barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on May 22, 2014.


 S/     Charles A. Stampelos                  
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.