IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                  CASE NO. 4:14cv157-RH/CAS

FLORIDA BOARD OF BAR
EXAMINERS et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

In his second amended complaint, the plaintiff Ronald Satish Emrit alleges that he failed the Florida bar examination, including its multistate component, in 2004 and 2005. Mr. Emrit alleges the examination is culturally biased. Mr. Emrit asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964, against the defendants the Florida Bar, the Florida Board of Bar Examiners, and the American Bar Association. Mr. Emrit demands injunctive relief and $250,000 in damages.

The case is before the court on the magistrate judge's report and recommendation, ECF No. 14, and the objections, ECF No. 15. I have reviewed

*de novo* the issues raised by the objections.  The report and recommendation correctly concludes that the case should be dismissed.

A plaintiff may be entitled to notice and an opportunity to be heard prior to a dismissal on the court's own motion in circumstances like these.  *See*, *e.g.*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 F. App'x 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006) (unpublished); *see also Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983).  Here the report and recommendation gave the plaintiff adequate notice, and he had an opportunity to respond by filing objections.

A district court should dismiss a complaint for failure to state a claim on which relief can be granted unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true.  *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mr. Emrit says the Florida bar examination is culturally biased, but he has alleged no facts in support of the conclusion.  He says he is bipolar but alleges no facts suggesting that his bipolar disorder interfered with his ability to perform on

the bar examination. And as the report and recommendation correctly notes, Title VII applies to employment and has nothing to do with the bar examination. In short, Mr. Emrit has alleged no facts showing that any defendant has violated federal law.

Moreover, Mr. Emrit's damages claim is barred by the four-year statute of limitations. *See, e.g.*, *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (applying Florida's four-year statute of limitations to a § 1983 claim); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) (same). The same is probably true of the claim for injunctive relief. *See, e.g.*, *McNair v. Allen*, 515 F.3d 1168 (11th Cir. 2008) (holding that the statute of limitations barred a forward-looking claim for injunctive relief); *Lovett v. Ray*, 327 F.3d 1181 (11th Cir. 2003) (same). Mr. Emrit says nobody taught him in law school or in his bar-review course that he could bring an action like this *in forma pauperis*, and that had he known, he would have filed this case sooner. But lack of knowledge on this subject does not affect the running of the limitations period.

Finally, Mr. Emrit has not stated a claim on which injunctive relief can be granted because he has not alleged an intent to again take the bar examination. *See*, *e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983) (holding that a person who had been subjected to a chokehold in the past had no standing to seek injunctive relief against the city's practice of using chokeholds because there was

not a "sufficient likelihood that he will again be wronged in a similar way");

*Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).

For all of these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion.  The clerk must enter judgment stating, "The claims of the plaintiff Ronald Satish Emrit against the defendants the Florida Bar, the Florida Board of Bar Examiners, and the American Bar Association are dismissed with prejudice." The clerk must close the file.

SO ORDERED on September 17, 2014.

>s/Robert L. Hinkle
>United States District Judge